UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN DWOJAK,

                Plaintiff,                          21 Civ.

        v.                                          <u>COMPLAINT</u>

PORT AUTHORITY TRANS HUDSON CORP.,         JURY TRIAL REQUESTED

                Defendant.
------------------------------------------------------------------------X

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

## THE PARTIES

1.      The plaintiff is a resident of the State of New York, County of Nassau, and City of Bellmore.

2.      The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3.      Prior to May 29, 2020, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Locomotive Engineer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4.      Prior to May 29, 2020 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Consolidated Yard, west end between Track 18 and Track 19, Jersey City, New Jersey which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5.      During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6.      The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On May 29, 2020, the plaintiff was working as a Locomotive Engineer at the direction and training of defendant, when plaintiff was walking from Track 19 towards Track 18 on the elevated platform, attempting to cross between materials stored on the platform, when he stepped on a bunched up cord connected to a fan that was also left on the platform, causing him to roll his left foot/ankle, causing a torn left peroneal tendon.

11. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12. Plaintiff's injuries include, but are not limited to, torn peroneal tendon, left ankle.

## COUNT I
### Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15. On or about May 29, 2018, while the plaintiff, an employee of the defendant, was in the performance of his duties as a Locomotive Engineer at the C-Yard, west end between Track 18 and Track 19,

Jersey City, New Jersey, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

    a. in failing to provide plaintiff with a reasonably safe place to work;

    b. in failing to warn plaintiff of materials left on platform;

    c. in failing to maintain the platform in a manner reasonably allowing passage from one side to the other;

    d. in failing to store the fan cord in a reasonable manner;

    e. in storing materials on the platform in violation of company rules and industry standards;

    f. in storing materials on the platform in violation of OSHA regulations;

    g. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17. The plaintiff was damaged thereby in a sum in excess of $100,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; together with the costs and disbursements of this action.

                                              Respectfully submitted

                                              By: _____
                                                       MARC WIETZKE
                                             FLYNN & WIETZKE, PC
                                             1205 Franklin Avenue
                                             Garden City, NY 11530
                                             Tel.: (516) 877-1234
                                             E-mail: MWietzke@felaattorney.com